USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: May 27, 2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
VIAMEDIA, INC.,                          :
                                         :
                    Plaintiff,           :    20 Civ. 4064
                                         :
    - against -                          :    ORDER
                                         :
WIDEOPENWEST FINANCE, LLC,               :
                                         :
                                         :
                    Defendant.           :
----------------------------------------X
```
**VICTOR MARRERO, United States District Judge.**

Plaintiff Viamedia, Inc. ("Viamedia") has filed a motion for an ex parte temporary restraining order ("TRO") and preliminary injunction against WideOpenWest Finance, LLC ("WideOpenWest"). Viamedia asserts one cause of action, for breach of contract (see "Complaint," Dkt. No. 1), and attaches a proposed order to show cause (see Dkt. No. 5), a memorandum of law ("MOL," Dkt. No. 10), the declaration of David Solomon, Chief Revenue Officer of Viamedia (see "Solomon Declaration," Dkt. No. 6), and the declaration of Luke Steinberger, counsel to Viamedia ("Steinberger Declaration," Dkt. No 8).

The Court will deny the motion. The standards for the entry of a preliminary injunction and a TRO are the same. Herrick v. Grindr, LLC, No. 17-cv-932, 2017 WL 744605, at *2 (S.D.N.Y. Feb. 24, 2017). To prevail on a motion for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, the movant must show "(1)

1

irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." MyWebGrocer, LLC v. Hometown Info, Inc., 375 F.3d 190, 192 (2d Cir. 2004) (internal quotation marks omitted). "The showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction." Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (internal quotation marks and alteration omitted). To demonstrate irreparable harm, the movant must show "an injury that is neither remote nor speculative, but actual and imminent and cannot be remedied by an award of monetary damages." Estee Lauder Cos. v. Batra, 430 F. Supp. 2d 158, 174 (S.D.N.Y. 2006) (internal quotation marks omitted). Furthermore, monetary damages do not constitute irreparable harm, absent insolvency. Brenntag Int'l Chems., Inc. v. Bank of India, 175 F.3d 245, 249 (2d Cir. 1999); CapLOC, LLC v. McCord, No. 17 Civ. 5788, 2019 WL 1236415, at *3 (S.D.N.Y. Mar. 18, 2019).

Viamedia has not demonstrated that it will suffer irreparable harm without the TRO. The Court finds that Viamedia's injuries are essentially economic in nature, and

Viamedia does not appear to argue that WideOpenWest is or will imminently be insolvent.

While Viamedia claims it will also suffer "incalculable and irreparable harm to [its] reputation" (Complaint ¶ 74, see also MOL at 27), the Court finds that the factual allegations in the Complaint and Solomon Declaration supporting this claim are vague, conclusory, or based on information and belief. For example, the statement in the Solomon Declaration that WideOpenWest has already spoken with other advertising management service providers is based on information and belief. (Solomon Decl. ¶ 62; Complaint ¶ 73.) The claim that Viamedia operates in a market with a relatively small number of players, and that WideOpenWest's actions "will become known to most or all of those [other] players," is similarly unpersuasive. (Solomon Decl. ¶ 61; Complaint ¶ 72.) Furthermore, Viamedia's claim that "[i]f the industry believes that [WideOpenWest] rightfully terminated the contract due to Viamedia's insolvency, that belief would impose incalculable and irreparable harm to Viamedia's reputation" is entirely conclusory, and unsupported by any factual allegations. (Complaint ¶ 74; see also Solomon Decl. ¶¶ 63-64.) "[C]onclusory statements of loss of reputation will not justify an irreparable harm finding." Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders

3

Ass'n, Inc., No. 10 Civ. 3314, 2015 WL 4033019, at *11 (S.D.N.Y. June 29, 2015); see also Tarzia v. City of Stamford, No. 10 Civ. 1583, 2010 WL 4683929, at *4 (D. Conn. Nov. 9, 2010) (discussing the high standard for loss of reputation to rise to the level of irreparable harm).

Finally, Viamedia also argues that without a TRO, it will face a threat to the very viability of its business. (See MOL at 28.) The Court, again, is not persuaded. Viamedia relies on caselaw indicating that the termination of a distribution agreement, which represented many years of effort and the owners' livelihood, constitutes irreparable harm. (MOL at 27-28 (citing Roso-Lino Beverage Dist., Inc. v. Coca-Cola Bottling Co. of NY, 749 F.2d 124 (2d Cir. 1984)).) But Viamedia presents no support for its conclusion that a TRO is thus warranted here. It states that it has made a major investment over the years to support its operations related to WideOpenWest, and that WideOpenWest accounts for more than 12 percent of Viamedia's advertising revenue. But that does not demonstrate that the termination of Viamedia's contract "is a threat to the very viability of Viamedia's business." (MOL at 28; see also Solomon Decl. ¶¶ 56-57.) A TRO is an extraordinary remedy, and more is needed than such conclusory statements as Viamedia offers here.

Because Viamedia has made no showing that it will suffer irreparable harm absent injunctive relief, the Court will deny the motion.

Accordingly, it is hereby

**ORDERED** that plaintiff Viamedia, Inc.'s motion for a temporary restraining order and preliminary injunction (Dkt. Nos. 1 and 5) is **DENIED**. The Court will hold a teleconference in this matter on Wednesday, June 10, 2020, at 10:00 a.m. The parties are directed to dial 1-888-363-4749 (international callers dial 1-215-446-3662), access code 8392198, at that time. The parties are directed to submit any additional briefing no later than three days before the teleconference.

**SO ORDERED:**

Dated:    New York, New York
          27 May 2020

                                              Victor Marrero
                                              U.S.D.J.