```
                                      USDC SDNY
                                      DOCUMENT
                                      ELECTRONICALLY FILED
                                      DOC #:_____
                                      DATE FILED:_____
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
VIAMEDIA, INC.,                     :
                                    :
                  Plaintiff,        :      20 Civ. 4064 (VM)
                                    :
      - against -                   :         **ORDER**
                                    :
WIDEOPENWEST FINANCE, LLC,          :
                                    :
                  Defendant.        :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

Plaintiff Viamedia, Inc. ("Viamedia") moves for a preliminary injunction and temporary restraining order enjoining defendant WideOpenWest Finance, LLC ("WideOpenWest") from terminating its agreement (the "Agreement"[1]) with Viamedia pending arbitration of the parties' disputes. (See "Proposed Order," Dkt. No. 16; "MOL," Dkt. No. 19; "Warshauer Decl.," Dkt. No. 17; "Liberman Decl.," Dkt. No. 18.) Along with its injunctive relief papers, Viamedia filed an amended complaint. (See "Amended Complaint," Dkt. No. 20.)[2]

The Court previously denied Viamedia's motion for a preliminary injunction and temporary restraining order on the basis that Viamedia had not demonstrated irreparable harm.

---

[1] Dkt. No. 6, Ex. 1 (Advertising Availability Purchase and Sale Agreement).
[2] Viamedia also filed a motion to appoint an arbitrator. WideOpenWest indicated that it will choose an arbitrator shortly, and Viamedia has now withdrawn its petition. (See Dkt. No. 24.)

1

(See "May 27 Order," Dkt. No. 11, at 2.) Viamedia argues now that injunctive relief is warranted due to four significant intervening developments, and that these developments demonstrate that Viamedia will suffer irreparable harm absent the requested relief: first, WideOpenWest has emailed Viamedia's customers notifying them that WideOpenWest has terminated its Agreement with Viamedia; second, Viamedia's investment bank informed Viamedia that any potential investment interest will evaporate unless the termination of the Agreement is enjoined; third, WideOpenWest has taken steps to transition services from Viamedia to a competitor, Charter Communications, Inc. ("Charter"); and fourth, due to WideOpenWest's conduct, Viamedia is at risk of losing employees. Viamedia argues that that these developments will cause irreparable harm in the form of damage to Viamedia's reputation, loss of prospective investors, and loss of key employees. (MOL at 7-9.)

WideOpenWest responded by letter to Viamedia's filings. (See "WideOpenWest Letter," Dkt. No. 21.) WideOpenWest argues that injunctive relief is not warranted. First, WideOpenWest points out that, contrary to the rules of this Court, Viamedia did not provide notice to WideOpenWest before seeking relief. Second, WideOpenWest argues that the new developments discussed by Viamedia do not demonstrate irreparable harm,

2

because the alleged injuries are either economic in nature or reputational and insufficient to warrant injunctive relief. Furthermore, WideOpenWest argues that Viamedia will have the opportunity to redress these issues in arbitration.

Viamedia responded by letter. (See "Viamedia Letter," Dkt. No. 22.) Viamedia contends, first, that no notice was required before seeking ex parte relief due to the extraordinary circumstances it faced, namely, that WideOpenWest contacted Viamedia's customers directly. Viamedia also argues that since counsel for WideOpenWest has entered an appearance, WideOpenWest thereby had notice and an opportunity to be heard.

The Court will deny the motion for injunctive relief because the new developments raised by Viamedia still do not demonstrate irreparable harm that cannot be redressed monetarily. As the Court noted in its May 27 Order, "[t]he showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction." Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (internal quotation marks and alteration omitted). While Viamedia points to four new developments since the Court's May 27 Order, the Court concludes that these developments do not demonstrate that injunctive relief is justified.

First, Viamedia points to WideOpenWest's termination of Viamedia's services and email notification of this termination to Viamedia's customers. Viamedia argues that even if the arbitrator reinstates the Agreement, Viamedia's inability to sell advertising availabilities while the dispute is in arbitration would "irreparably damage Viamedia's reputation as a dependable business partner." (MOL at 8.) The Court is not persuaded. In Rex Medical LP v. Angiotech Pharmaceuticals (US) Inc., 754 F. Supp. 2d 616 (S.D.N.Y. 2010), relied upon by Viamedia, the plaintiff's market would have been "off the market entirely -- no doubt leading its customers to purchase a competing product and perhaps resulting in a permanent loss of business." 754 F. Supp. 2d at 622. There, the plaintiff was at risk of losing 90 percent of its business. Id. at 622-23. Here, by contrast, Viamedia's own papers demonstrate that WideOpenWest accounts for "more than 12 percent of Viamedia's advertising revenue." (Dkt. No. 6, ¶ 57.) Even if WideOpenWest is "Viamedia's largest inventory supplier" (MOL at 9), Viamedia has not attempted to explain why any reputational damage relating to its contract with WideOpenWest would have so outsized an impact on its entire business as to justify injunctive relief. Indeed, as the Rex Medical court noted, "cases where courts have found irreparable harm from a loss of goodwill or

business relationships have involved situations where the dispute between the parties leaves one party *unable to provide its product* to its customers." 754 F. Supp. 2d at 621 (emphasis added); see also John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 588 F.2d 24, 29 (2d Cir. 1978) (irreparable injury shown when "plaintiff is *deprived totally* of the opportunity to sell an entire line of merchandise and may incur injury to its goodwill and reputation" (emphasis added)). Viamedia has not demonstrated a risk that it will be totally unable to provide its product.

Viamedia also argues that the manner in which WideOpenWest delivered this news caused irreparable harm to Viamedia's reputation. As an initial matter, and as unfortunate as it may be, the Court can hardly undo WideOpenWest's email. Nevertheless, the Court is persuaded that any resulting harm could be addressed and remediated in arbitration and through monetary damages. For this reason, and as discussed in the May 27 Order, conclusory statements regarding loss of reputation are insufficient. Viamedia states that because WideOpenWest is its largest customer, Viamedia's existing and future business partners will be reluctant to reengage with Viamedia, and that the reputational harm will not be limited to WideOpenWest markets. But as Viamedia notes, even if WideOpenWest is taking

steps to pursue a relationship with Charter, arbitration may order equitable relief and reinstate the Agreement, and Viamedia has relationships with 60 other multichannel video programming distributors ("MVPDs"). (Lieberman Decl. ¶ 11.) Conclusory statements regarding reputational impact outside of WideOpenWest markets are insufficient to support the drastic relief of a TRO.

Second, Viamedia points to the loss of potential investors as an irreparable harm. In North American Soccer League, LLC v. United States Soccer Federation, Inc., 296 F. Supp. 3d 442, 459 (E.D.N.Y. 2017), relied upon by Viamedia, the plaintiff submitted six letters of intent from potential investors that supported the plaintiff's position; here, Viamedia brings evidence of discussions with two investors, and while it is unclear why one was not fruitful, the other (a large investment fund) declined to invest based on WideOpenWest's notice of termination. (Warshauer Decl. ¶¶ 5, 8.) The managing director of the investment bank has submitted a sworn affidavit indicating that the "interest of all other prospective investors is largely contingent" on the parties' continued contractual relationship. (Warshauer Decl. ¶ 9.) The Court notes that "largely contingent" leaves a certain amount of room for doubt. Investors may well be just as hesitant to invest in Viamedia even if it prevailed here,

such that a TRO could prove to be a Pyrrhic victory. Thus, it is not clear what remedial effect injunctive relief could have on the willingness of such investors to commit. Furthermore, as noted above, arbitration could result in equitable relief and the reinstatement of the Agreement, in which case Viamedia might be able to regain the interest of these investors. Finally, this alleged harm is essentially an economic one, even if more difficult to quantify than other economic harms. (MOL at 8-9.) In short, the loss of potential investors does not justify injunctive relief. See Brenntag Int'l Chems., Inc. v. Bank of India, 175 F.3d 245, 249 (2d Cir. 1999).

Last, Viamedia argues that the termination of the Agreement will result in the loss of key employees in the field and in its operations center in Kentucky. The Court finds this argument to be based on conclusory allegations. Viamedia states that (1) its operations center staff "have a particular technical expertise which is not easily found or replaced," (2) if the Agreement is terminated, Viamedia would "be required to lay off a significant number of [these] operation[s] center employees" in order to offset costs, (3) these staff would then be permanently lost to Viamedia, and (4) it would be "very difficult" to hire and retrain replacement employees. (Warshauer Decl. ¶¶ 8-10; MOL at 9-

10.) Viamedia offers no particularized factual support for these arguments. It is not clear to the Court why Viamedia would have to lay off operations center staff in particular. Nor is the Court moved by the fact that it would be difficult to train replacements. To be sure, it is painful to have to lay off even one employee, but the Court is not persuaded that injunctive relief is merited in order to prevent Viamedia from taking such action.

Because Viamedia has not demonstrated that it will suffer irreparable harm, the Court need not consider the other elements of injunctive relief.

Accordingly, it is hereby

**ORDERED** that plaintiff Viamedia, Inc.'s motion for a temporary restraining order and preliminary injunction (Dkt. Nos. 16 and 19) is DENIED.

**SO ORDERED.**

Dated: New York, New York
      22 June 2020

_____
Victor Marrero
U.S.D.J.