UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VIAMEDIA, INC.,

        Plaintiff,

v.

WIDEOPENWEST FINANCE, LLC,

        Defendant.

---

Case No. 1:20-cv-04064-VM

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD**

**ARMSTRONG TEASDALE LLP**

919 Third Avenue
Ste FL 37
New York, NY 10022
Tel:   (212) 209-4400
Fax:   (212) 409-8385
Email: cpalella@atllp.com
Attorney for Defendant WIDEOPENWEST FINANCE, LLC

Defendant WideOpenWest Finance, LLC ("WOW") moves under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm the September 8, 2020 Partial Final Arbitration Award ("Award") issued in an arbitration between the parties.[1]  Pursuant to the Court's September 22, 2020 Order (ECF No. 30), WOW is separately filing the Award under seal (Ex. 1 to Declaration of Charles Palella dated September 24, 2020 "Palella Decl.") and in public, redacted form (Ex. 2 to Palella Decl.).

## FACTUAL AND PROCEDURAL BACKGROUND

On May 27, 2020, Plaintiff Viamedia, Inc. ("Viamedia") filed a complaint for breach of contract against WOW, along with a request for a temporary restraining order and preliminary injunction enjoining WOW from terminating the parties' December 28, 2015 Advertising Availability Purchase and Sale Agreement ("Agreement").  *See generally* Compl. (ECF No. 1); Proposed Order to Show Cause (ECF No. 5).  In its Complaint, Viamedia acknowledged that the parties' dispute must be resolved in arbitration.  *See* Compl., ¶¶ 17, 33 (ECF No. 1).

The Court denied Viamedia's request for preliminary injunctive relief.  *See* May 27, 2020 Order (ECF No. 11).  Then, following a teleconference with the parties, "[t]he Court directed the parties to advise the Court . . . whether the case should be dismissed without prejudice or stayed pending arbitration."  June 10, 2020 Minute Entry.

On June 19, 2020, Viamedia filed an amended complaint and renewed its request for a TRO and preliminary injunction.  *See* Am. Compl. (ECF No. 20); Proposed Order to Show

---

[1] All referenced exhibits are attached to or identified in the contemporaneously-filed Declaration of Charles Palella.

1

Cause (ECF No. 16).  Viamedia also asked the Court to appoint an arbitrator for the parties' arbitration.  *See* Pet. to Appoint an Arbitrator (ECF No. 14).  In response, WOW noted a number of procedural irregularities with Viamedia's renewed request for a TRO; informed the Court that Viamedia's motion to appoint an arbitrator would soon be moot; and requested a pre-motion conference regarding a motion to stay this case pending arbitration.  *See* June 22, 2020 Letter from C. Palella (ECF No. 21).  On June 22, 2020, the Court denied Viamedia's second motion for injunctive relief (ECF No. 25), and WOW's request for a pre-motion conference remains pending before the Court.

The parties' claims have since been resolved in binding arbitration.  Both parties asserted claims for breach of contract, and Viamedia also requested injunctive relief of the same nature it previously sought in this proceeding.  The parties' claims were considered by a panel of three arbitrators—one appointed by each of the parties and the third selected by the two appointed arbitrators.  Following multiple rounds of briefing, the submission of exhibits and sworn statements, and a two-day evidentiary hearing, the panel issued the Award, resolving all liability issues in favor of WOW and awarding WOW $2,719,816.65 in damages.  (Ex. 1, Award, at 15).

## ARGUMENT

The Court should confirm and enter judgment upon the Award.

Under the FAA, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]."  9 U.S.C. § 9; *see also Fairchild Corp. v. Alcoa, Inc.*, 510 F. Supp. 2d

2

280, 285–86 (S.D.N.Y. 2007) ("A court *must* grant an order to confirm an arbitral award upon a timely application, absent any of the specified improprieties.") (emphasis in original).

Here, all of the statutory prerequisites exist for confirming the Award under the FAA.

***First***, pursuant to their Agreement, WOW and Viamedia agreed to—and did—submit their respective claims against one another for resolution in binding arbitration. (Ex. 3, Agreement, § 5.1[2]; Ex. 1, Award, at 1–3).

***Second***, on September 8, 2020, the panel of arbitrators issued the Award, resolving the issues of liability and damages with respect to both parties' claims. (Ex. 1, Award). The parties agreed that the panel will separately determine the amount of attorneys' fees, costs, and disbursements that WOW is entitled to recover as the prevailing party in the arbitration. (*id.*, at 2, 15). Thus, the Award is "final" for purposes of confirmation under the FAA. *See, e.g., Trade & Transp., Inc. v. Natural Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir. 1991) ("[I]f the parties have asked the arbitrators to make a final partial award as to a particular issue and the arbitrators have done so, the arbitrators have no further authority, absent agreement by the parties, to redetermine that issue.").

***Third***, in their Agreement, the parties agreed that "[a]ny Party may apply to any court having jurisdiction to enforce the decision of the arbitrator(s) and to obtain a judgment thereon." (Ex. 2, Agreement, § 5.1). As set forth in Viamedia's Amended Complaint, the Court has personal jurisdiction over the parties and subject matter jurisdiction over this matter. *See* Am. Compl., ¶¶ 16–17. Additionally, the Award entitles WOW to recover over $2.7 million in damages from Viamedia, which further establishes subject matter jurisdiction under § 1332(a).

---

[2] Viamedia previously filed the Agreement in this matter at ECF No. 6-1.

3
194133.1

***Fourth***, Viamedia has not sought to have the Award vacated, modified, or set aside—under the FAA or otherwise. *See* Palella Decl., ¶ 5. Moreover, Viamedia has paid a portion of the amount awarded to WOW, without any reservation of rights, demonstrating that Viamedia has no basis or intention to seek relief from the Award.

***Fifth***, this request is accompanied by all of the materials required by 9 U.S.C. § 13: the Award (Ex. 1); the parties' underlying agreement to arbitrate (Ex. 3, at § 5.1); documentation regarding the arbitral panel's deadline to issue the award (Ex. 4, at ¶ 5); and documentation reflecting the selection of arbitrators (Ex. 5).

Accordingly, Defendant WideOpenWest Finance, LLC respectfully requests that the Court enter an Order:

A. Confirming the Award;

B. Directing entry of judgment against Plaintiff Viamedia, Inc. in accordance with the Award; and

C. Awarding Defendant WideOpenWest Finance, LLC post-judgment interest under 28 U.S.C. § 1961(a), along with such other and further relief that the Court deems just and proper.

Respectfully submitted,

**ARMSTRONG TEASDALE LLP**

By: /s/Charles Palella
Charles Palella
919 Third Avenue
Ste FL 37
New York, NY 10022
Tel: (212) 209-4400
Fax: (212) 409-8385
Email: cpalella@atllp.com
*Attorney for Defendant WIDEOPENWEST FINANCE, LLC*