```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
VIAMEDIA, INC.,                     :
                                    :
               Plaintiff,           :
                                    :
     - against -                    :
                                    :
WIDEOPENWEST FINANCE, LLC,          :
                                    :
               Defendant.           :
-----------------------------------X
```

20 Civ. 4064 (VM)

**DECISION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: August 11, 2021

**VICTOR MARRERO, United States District Judge.**

Plaintiff Viamedia, Inc. ("Viamedia") brought this action against WideOpenWest Finance, LLC ("Defendant" or "WideOpenWest") alleging breach of contract. (See "Amended Complaint," Dkt. No. 20.) Plaintiff also moved the Court to appoint an arbitrator to resolve the parties' dispute. (Dkt. No. 14.) The Court granted this motion on June 22, 2020. (Dkt. No. 23.) Now before the Court is Defendant's unopposed motion to confirm the arbitration award. (See "Motion," Dkt. No. 31; see also Dkt. No. 36.) For the reasons discussed below, the Motion is GRANTED.

A court reviewing an arbitration award should confirm that award so long as the arbitrator "acted within the scope of his authority" and "the award draws its essence from the agreement." Local 1199, Drug, Hosp. & Health Care Emps. Union, RWDSU, AFL-CIO v. Brooks Drug Co., 956 F.2d 22, 25 (2d Cir. 1992). Even when a Court may believe the arbitrator was

1

incorrect, an award should be confirmed if the decision was within the scope of the arbitrator's authority. See, e.g., United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987) ("As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed a serious error does not suffice to overturn his decision."); Abram Landau Real Estate v. Bevona, 123 F.3d 69, 74-75 (2d Cir. 1997) ("Even if a court is convinced the arbitrator's decision is incorrect, the decision should not be vacated so long as the arbitrator did not exceed the scope of his authority." (citing Leed Architectural Prods., Inc. v. United Steelworkers of Am. Local 6674, 916 F.2d 63, 65 (2d Cir. 1990))). Generally, confirmation of an arbitration award is a "'summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). Accordingly, the court "must grant the award unless the award is vacated, modified, or corrected." Id. (internal quotation marks omitted).

Here, the Court treats the unopposed motion as one for summary judgment. See D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95,109 (2d Cir. 2006). Having reviewed the petition,

the memorandum of law, as well as the accompanying documents, the Court is persuaded that the arbitrator acted within the scope of his authority. The Court therefore will confirm the arbitration award.

Therefore, for the reasons stated above, it is hereby

**ORDERED** that the unopposed motion of Defendant WideOpenWest Finance, LLC to confirm the arbitration award (Dkt. No. 31) is **GRANTED.**

**SO ORDERED.**

Dated: New York, New York
       11 August 2021

_____
Victor Marrero
U.S.D.J.